UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY

IN RE:     AKSM Holdings, Inc.                                  Case No. 09-51148
             Debtor                                                    Chapter 11

**FIRST AMENDED EMERGENCY MOTION FOR AN INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL**

Debtor, AKSM Holdings, Inc., a/k/a ViWinTech, Inc., files this first amended emergency motion for an interim order authorizing the use of cash collateral, and for its reasons states:

1. Debtor filed a Chapter 11 bankruptcy petition on October 1, 2009. Debtor is a locally owned Paducah, Kentucky, manufacturing company which produces windows for the construction industry (residential and commercial). The debtor employs approximately 140 people in Paducah.

2. National City Bank of Louisville is the debtor's secured creditor which has provided debtor with line of credit financing. Upon information and belief, the total debt owed to National City Bank is as follows:

    (a)     Line of Credit: $1,800,000.00

    (b)     Term loan secured by real estate: $375,000.00

3. These loans are cross-collateralized by the following collateral with recently appraised fair market value where appropriate:

    (a)     Line of Credit:

             (i)     Accounts receivables            $1,500,000.00(e)

             (ii)     Machinery and equipment       $1,160,535.00
                                                                    (forced liquidation value per
                                                                  bank's appraisal)

             (iii)     Personal guarantees of owners      $750,000.00

|     |       |                                              |                                         |
| --- | ----- | -------------------------------------------- | --------------------------------------- |
|     | (iv)  | Second mortgage on manufacturing building    | $2,600,000.00 <br> (<u>$900,000.00)</u> <br> $1,700,000.00 |
|     | (v)   | Inventory                                    | $1,400,000.00                           |
| (b) |       | Term Note: Building appraised at             | $475,000.00                             |

4. Debtor intends to remain in business and reorganize to continue as a going concern. Several checks to vendors and employees are currently outstanding and have been drawn on the debtor's National City Bank account. After filing its initial emergency motion for use of cash collateral, debtor's counsel and bank counsel have conferred. The bank has stated that it will honor debtor's outstanding checks to the extent of funds in debtor's account with bank. Therefore, the debtor believes there is no risk of any bounded checks.

5. <u>Contrary to its original motion for use of cash collateral</u>, debtor seeks to sever its financing arrangement from National City Bank. As demonstrated in paragraph 3(a), the bank has an enormous equity cushion for its line of credit. However, moving forward, the debtor seeks to use the bank's pre-petition accounts receivable and inventory until the debtor can find alternative financing which would be used to pay off the bank's line of credit debt. (The debtor proposes to honor the term loan with the bank through its date of maturity in July 2001.)

6. Pre-petition, debtor could borrow money from National City Bank according to a borrowing base calculated on the value of current inventory and accounts receivable. The debtor seeks an arrangement with the bank whereby debtor may have access to all of its inventory and a part of its receivables for on-going business purposes, in exchange for payment to the bank of specified amounts. The debtor needs at least one hundred eighty (180) days to finalize alternative financing.

7. In consideration of the debtor using the bank's pre-petition inventory and accounts receivable, the debtor proposes to pay to National City Bank the amount of $200,000.00 on or before October 20, 2009, and then will pay $100,000.00 on or before the 20th day of each of the next five (5) months to and including March 20, 2010. (The October payment will be net of any receivables received directly by the bank from the debtor's customers. The bank will disclose all receivables received from September 30, 2009 to October 19, 2009, in order that debtor knows the net amount owed on October 20, 2009.)

8. By April 20, 2010, debtor plans to pay the remaining balance of the bank's line of credit in full.

WHEREFORE, debtor prays that the Court enter an order permitting debtor to use the bank's pre-petition inventory and accounts receivable in exchange for monthly payments through March 20, 2010.

                    WHITLOW, ROBERTS, HOUSTON & STRAUB, PLLC
                    Attorneys for Debtor

                    BY  /s/ Mark C. Whitlow
                       Mark C. Whitlow
                       mwhitlow@whitlow-law.com
                       P.O. Box 995
                       Paducah, KY 42002-0995
                       270-443-4516

**NOTICE OF ELECTRONIC FILING**
**AND CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2009, I electronically filed the foregoing with the Clerk of the Court, and will send a copy to those parties not receiving electronic notice.

                    BY /s/ Mark C. Whitlow
                       Mark C. Whitlow