UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) ) ) | *Electronically Filed* |
| AKSM Holdings, Inc. | ) ) ) ) ) ) | CASE NO. 09-51148 (2) 11 |
| Debtor | ) ) | |

## AGREED ORDER FOR ADEQUATE PROTECTION
## AND USE OF CASH COLLATERAL/POST-PETITION FINANCING

This matter having come before the Court on Motion of the Debtor for use of cash collateral, and upon the objection of National City Bank ("BANK"), a secured creditor, by counsel, and the Court having scheduled an evidentiary hearing on October 9, 2009, and the parties having informed the Court that an agreement has been reached by the parties regarding BANK's debts and liens and the terms under which DEBTOR may use cash collateral and it's revolving credit line while providing adequate protection of BANK's position, and the Debtor representing and the Court finding that the interim financing and relief to be provided under the terms of this Order currently represents the best working capital financing available to the Debtor, and the Court otherwise being sufficiently advised,

**IT HEREBY IS AGREED AND ORDERED** as follows:

1. DEBTOR is indebted to BANK under the terms of the documents and accounts, and in the sums, described as follows:

    A. That certain Revolving Loan Account, originally dated July 24, 2002, in the original principal amount of $2,500,000.00, with a principal balance in the sum of $1,796,719.73, plus interest in the sum of $4,907.84, as of October

1, 2009, plus accruing interest and attorney fees.

B. That certain Real Estate Loan Account (term), dated January 19, 2005, in the original principal amount of $600,000.00, with a principal balance in the sum of $362,,833.18, as of October 1, 2009, plus accruing interest and attorney fees.

The above-described debts are collectively referred to herein after as the "Obligations".

2. The Obligations are secured by a first lien two tracts of real property and on all the personal property assets of the DEBTOR, including but not limited to all general intangibles, accounts, inventory, machinery and equipment, and all proceeds thereof, as further described in the mortgages, security agreements and financing statements that are attached to BANK's proof of claim filed herein on October 9, 2009, and docketed as Claim Number 1 in this proceeding (the "Collateral"). BANK holds a first and best lien and security interest in all of the Collateral, and said security interest is properly perfected and duly enforceable.

3. On October 1, 2009, DEBTOR filed a Petition under Chapter 11 of the Bankruptcy Code, and has continued to operate its business and manage its affairs as Debtor-in-Possession. Section 363 of the Bankruptcy Code, however, prohibits DEBTOR from using cash collateral unless it obtains the consent of each creditor that has an interest in such cash collateral or unless, after a notice and hearing, the Court authorizes use of such cash collateral.

4. DEBTOR contends that it is entitled to the use of the BANK's cash collateral, and BANK contends that the bank is entitled to adequate protection against the deterioration, depreciation, conversion or loss and diminution in value of any of its collateral. In order to resolve these disputes between DEBTOR and BANK, to provide DEBTOR with a source of operating funds, and in an effort to provide BANK with adequate

protection, the parties have entered into this Agreed Order to temporarily continue a lending/credit relationship according the following terms and stipulations:

A. BANK consents and agrees to allow DEBTOR to use cash collateral and to extend by ninety days its credit facility, under 11 U.S.C. §363 and §364, through January 1, 2010 (the "Initial Term"), so long as it remains a chapter 11 debtor-in-possession in this proceeding and does not default under the terms of this agreed order;

B. The revolving credit nature of the Obligation described in 1.A. above shall continue to be available to the Debtor throughout the Initial Term, in accordance with the pre-petition procedures and requirements under the loan documents (including but not limited to the accounts lockbox, a borrowing base certificate for advances, and payments).

C. The Debtor's contractual monthly payments shall continue as to the Real Estate Loan Account (term) Obligation, on the same terms as pre-petition.

D. For the Interim Term, BANK hereby is granted post-petition liens on all of the property described in its security agreements, and all similar property hereafter acquired by DEBTOR, including, but not limited to, equipment, accounts, inventory, general intangibles, proceeds and products thereof, in accordance with its pre-petition priorities, and no further agreements or filings shall be necessary to continue or perfect said post-petition security interest. All interests that attach during the Interim Terms shall continue until the Obligations are satisfied.

E. DEBTOR acknowledges that the claim of BANK is fully secured, and further acknowledges and agrees that DEBTOR shall not incur or obtain any credit, pursuant to provisions of 11 U.S.C. 364, which requires the granting

of any lien equal or senior to the liens held by BANK upon the pre-petition and post-petition collateral.

F.     For so long as any sums remain due and owing to BANK, DEBTOR agrees to furnish to BANK a copy of DEBTOR's monthly operating report that is required to be filed with this Court, within three (3) business days from the date the report is filed. DEBTOR acknowledges that the BANK retains under the loan documents, to conduct periodic audits and inspections of its collateral.

G.     DEBTOR and BANK acknowledge that this agreement was reached without the benefit of expert valuations, and agree that if the adequate protection payments set out herein later prove to be inadequate to protect the interests of BANK, then the bank's claims for that amount by which payments prove to be inadequate shall be accorded priority status in accordance with 11 U.S.C. 363 and 507(b), subject only to Court approval of the amount accorded such status.

H.     If DEBTOR should default and fail to comply with any of the terms, conditions and provisions of this Agreed Order or the provisions of BANK's security instruments (except as modified herein), BANK may declare a default and give written notice to DEBTOR's counsel allowing DEBTOR fifteen (15) business days in which to cure such default. The automatic stay, as provided under 11 U.S.C. 362, shall automatically terminate, and BANK's Collateral automatically shall be abandoned by DEBTOR and its estate specifically and directly to BANK, at the end of the fifteen (15) business day period if a cure has not been effected within fifteen (15) business days from the time said notice is transmitted to DEBTOR's counsel, via facsimile and to the number listed herein below or to such other number as may be provided

by DEBTOR's counsel, UNLESS an emergency hearing before the Court has been scheduled (but not necessarily held) prior to expiration of the fifteen (15) day period.

I. The provisions of this Agreed Order shall be binding upon and inure to the benefit of BANK and DEBTOR, to their respective successors and assigns, including, but not limited to any trustee hereinafter appointed as a representative of DEBTOR's estate. There has not been, however, an official committee of unsecured creditors appointed; therefore, any official unsecured creditors' committee appointed herein shall have thirty (30) days after the Committee is constituted to raise any issue regarding this Agreed Order before its terms become fully binding upon the Committee.

J. This Agreed Order and Stipulation shall be approved by and become an Order of this Court, according to its terms, and shall be effective and binding upon all of the parties hereto.

**IT IS HEREBY ORDERED AND ADJUDGED** that the foregoing Agreed Order and Stipulation is entered as an Order of this Court.

**AGREED:**

| | |
|---|---|
| **WHITLOW, ROBERTS, HOUSTON & STRAUB, PLLC** | **MORGAN & POTTINGER, P.S.C.** |
| BY: s/ Mark C. Whitlow<br>Mark C. Whitlow<br>Counsel for DEBTOR<br>P.O. Box 995<br>Paducah, Kentucky 42002<br>270.443.4516 (Telephone)<br>270.443.4571 (Facsimile) | BY: s/ John A. Majors<br>John A. Majors<br>Counsel for BANK<br>601 West Main Street<br>Louisville, KY 40202<br>502.560.6758 (Telephone)<br>502.560.6858 (Facsimile) |

HAVE SEEN:

OFFICE OF THE UNITED STATES TRUSTEE


BY /s/ Scott Goldberg
   Joseph J. Golden, Asst. U.S. Trustee
   Scott Goldberg
   601 West Broadway, Suite 512
   Louisville, KY 40202
   502-582-6000




TENDERED BY:

/s/ Mark C. Whitlow
Mark C. Whitlow, Esq.
Whitlow, Roberts, Houston & Straub, PLLC
P.O. Box 995
Paducah, KY 42002-0995
270-443-4516