UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY

IN RE: AKSM Holdings, Inc.
Debtor  Case No. 09-51148
Chapter 11

**EMERGENCY**
**VERIFIED MOTION TO EXTEND CASH COLLATERAL ORDER**

Debtor, through counsel, moves for an order extending the current cash collateral order entered February 8, 2010, and for its reasons states:

1. Debtor filed its Chapter 11 petition on October 1, 2009. City National Bank (now known as PNC Bank) and the debtor entered into an agreement whereby City National agreed to continue to act as debtor's primary lender for a period of three (3) months, ending December 31, 2009. The debtor and PNC Bank agreed to extend the cash collateral order, with an addition of .75 percent interest, to and including March 31, 2010. The debtor and PNC Bank agreed to extend the cash collateral order, with an addition of 1.0 percent interest, to and including April 30, 2010.

2. PNC Bank has indicated that it does not desire to extend the cash collateral arrangement with debtor beyond the current deadline of April 30, 2010.

3. The bank is very well secured. It has two loans with the debtor: a line of credit agreement with a balance of approximately $1,650,000.00, which is secured by a first lien on debtor's receivables, equipment, inventory and a warehouse. PNC Bank has a second loan (term) with an approximate balance of $357,000.00 which is secured by another warehouse. This term loan matures in July 2011.

4. The approximate value of the collateral securing the Bank's line of credit agreement is as follows:

| | |
|---|---|
| Receivables | $1,530,000.00 |
| Inventory | $1,500,000.00 |
| Equipment (liquidated value) | $ 825,000.00 |
| First lien on warehouse | $ 350,000.00 |

In addition, the principals of debtor have signed a $750,000.00 personal guaranty in favor of the bank.

5. The debtor has survived its historically slow season (December through February) and is now operating in the black. Window orders have increased from an average of less than 350 per day during the slow period to 600 per day at the current time.

6. At least two entities have expressed an interest in purchasing the debtor's assets. HVWT, LLC has drafted an asset purchase agreement offering to purchase the debtor's assets for an amount which is subject to additional negotiation. A group representing some of the family owners of the company has been working with a local bank and has received tentative approval for a loan to finance at least some of the money required to purchase the debtor's assets.

7. Both groups, HVWT, LLC and family members, have discussed possibly "taking out" PNC Bank before a sale of the debtor's assets can be effected. The debtor is concerned with the prospect of having a potential buyer of its assets also serve as its primary creditor. It would be in the best interest of the debtor's creditors to have PNC Bank remain in its independent role as debtor's primary lender while the debtor can negotiate in good faith with any prospective purchaser.

8. All parties are anxious to complete this process and the debtor reasonably believes that a sixty (60) day extension would be the maximum amount of time needed to complete the sale process.

9. The debtor would agree to increase the interest rate it pays PNC Bank by an additional 0.5 percent as consideration for this extension.

> WHITLOW, ROBERTS, HOUSTON & STRAUB, PLLC
> Attorneys for Debtor
>
> BY  /s/ Mark C. Whitlow
>  Mark C. Whitlow
>  mwhitlow@whitlow-law.com
>  P.O. Box 995
>  Paducah, KY 42002-0995
>  270-443-4516

## VERIFICATION

The statements made in this motion are true to the best of my knowledge, information and belief.

> AKSM HOLDINGS, INC.
>
> BY_____
>  David Mathis, Chief Financial Officer

SUBSCRIBED AND SWORN TO before me by David Mathis, Chief Financial Officer, on behalf of AKSM Holdings, Inc., this _____ day of April, 2010.

My commission expires: _____.

> _____
> Notary Public

**NOTICE OF ELECTRONIC FILING**
**AND CERTIFICATE OF SERVICE**

I hereby certify that on April 21 2010, I electronically filed the foregoing with the Clerk of the Court, and will send a copy to those parties not receiving electronic notice.

BY /s/ Mark C. Whitlow
Mark C. Whitlow